IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| VALERIE A. HOLL, ) | |
| ) | |
| Plaintiff, ) | No. 14 cv 43 EJM |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income and supplemental security income benefits. Briefing concluded October 2, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of plaintiff's non-physician counselor, and failed to develop the record sufficiently concerning plaintiff's mental impairments. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff asserts that the ALJ failed to consider the opinion of plaintiff's counselor, Ms. Tamera Taylor-Hillyer, a licensed social worker but not a physician, or to give it proper weight. Taylor-Hillyer is not an "acceptable medical source" under the regulations. 20 C.F.R.§§404.1513(d)(1)-(3). She is an "other medical source," deserving weight as the ALJ believes reflects the source's judgment about the same issues addressed in medical opinions from acceptable medical sources. Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007.)

Moreover, the record shows that the ALJ *did* consider her assertions, albeit she did not mention Taylor-Hillyer by name: (1) the ALJ specifically cited SSR 06-3p, which specifically addresses "other sources", which in this case could only refer to Taylor-Hillyer (Tr. 17); (2) the ALJ specifically referenced the treatment plaintiff received from Taylor-Hillyer and cited to Taylor-Hillyer's treatment notes (Tr. 18-19, citing Exhibits 2F and 6F; and (3) the ALJ stated repeatedly that she considered the entire record (Tr. 13, 15, 17, 20). It seems clear that the ALJ considered Taylor-Hillyer's assertions; she just did not give them much weight and thus did not mention Taylor-Hillyer by name. Not giving this "other source" much weight is within the prerogative of the ALJ, especially where it is supported by the other evidence in the record. The other evidence in the record supports the ALJ giving the opinion of Taylor-Hillyer little weight because: (1) Taylor-Hillyer's assessed limitations sharply contradict her own treatment notes (see numerous

2

contradictions cited in defendant's brief, pp. 7-9); and (2) Taylor-Hillyer's assessed limitations sharply contradict the opinion of state agency psychologist David Christiansen, Ph.D. An ALJ is not required to discuss every piece of evidence, especially that to which she gives little weight, and who is not an acceptable medical source. Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010). Failure to mention Taylor-Hillyer by name does not mean that the ALJ did not consider her opinion, especially when the ALJ cites that person's treatment notes.

Regarding plaintiff's assertion that the ALJ did not sufficiently develop the record regarding her mental impairments, the ALJ did consider plaintiff's mental health treatment records at length, and also considered the effectiveness of the treatment plaintiff had received. The ALJ considered the type and frequency of treatment which plaintiff received, including the gaps in treatment. The ALJ preformed the required evaluation of mental impairments, and found that plaintiff's various mental impairments were severe. The ALJ then incorporated these limitations into the Residual Functional Capacity (RFC) limitations to account for the functional deficits caused by these impairments, resulting in a limitation to simple, routine, and repetitive work, with only occasional contact with other people. The court is satisfied that the existing evidence of record provided a sufficient basis for the ALJ's decision, and that the ALJ did not err on this point. In determining residual functional capacity, the ALJ permissibly relied upon substantial evidence,

including the medical record, consultants, plaintiff's daily activities, all as set forth in the ALJ's decision. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005).

Regarding plaintiff's claim that the ALJ committed reversible error by not obtaining the additional treatment records, this fails because (1) plaintiff's counsel could have and should have submitted these same notes before the ALJ issued her decision in January 2013, but failed to do so; and (2) plaintiff's counsel specifically told the ALJ during the hearing that the record was complete. (Tr. 30-31). A claimant cannot, through counsel, tell an ALJ that the record is complete, then later fault the ALJ for not obtaining and considering additional evidence. Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

October 7, 2014

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

4